UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN GADDY,<br><br>   Plaintiff,<br><br> v.<br><br>M. TOWNSEND, et al.,<br><br>   Defendants. | Case No. 16-cv-01319-HSG (PR)<br><br>**ORDER OF SERVICE** |

  Plaintiff, a California prisoner incarcerated at California State Prison, Sacramento and proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging constitutional violations at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A. Standard of Review**

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that M. Townsend, an appeals coordinator at PBSP, and M. Voong and Officer Sandoval, both chief inmate appeals officers with the California Department of Corrections and Rehabilitation, retaliated against him in violation of his First Amendment rights when they wrongly cancelled or otherwise impermissibly interfered with the processing of his prison grievances. When liberally construed, these allegations state claims under Section 1983 and shall proceed.

The potential liability of defendants is under the First Amendment, and is *not* under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). If a defendant only denied an inmate appeal about a problem that already had occurred and was complete, there would be no liability for a constitutional violation; however, where the problem is ongoing and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf.*

1  *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate
2  indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's
3  request for help).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this order upon the following defendants: (1) **M. Townsend** at **Pelican Bay State Prison**; and (2) **M. Voong** and **Officer Sandoval** at **the California Department of Corrections and Rehabilitation**.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

3

1      c.      Defendants **shall** file a reply brief no later than **14 days** after the date the
2 opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
3 hearing will be held on the motion.

4      3.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the
5 Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
6 do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
7 granted when there is no genuine issue of material fact – that is, if there is no real dispute about
8 any fact that would affect the result of your case, the party who asked for summary judgment is
9 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
10 makes a motion for summary judgment that is properly supported by declarations (or other sworn
11 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
12 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
13 as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
14 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
15 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
16 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*
17 *Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

18      Plaintiff also is advised that a motion to dismiss for failure to exhaust available
19 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
20 prejudice.  You must "develop a record" and present it in your opposition in order to dispute any
21 "factual record" presented by defendants in their motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d
22 1108, 1120 n.14 (9th Cir. 2003).

23      (The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said
24 notices again concurrently with motions to dismiss for failure to exhaust available administrative
25 remedies and motions for summary judgment.  *Woods*, 684 F.3d at 939).

26      4.      All communications by plaintiff with the Court must be served on defendants'
27 counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard
28 any document which a party files but fails to send a copy of to his opponent.  Until a defendants'

4

1 counsel has been designated, plaintiff may mail a true copy of the document directly to
2 defendants, but once a defendant is represented by counsel, all documents must be mailed to
3 counsel rather than directly to that defendant.

4     5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
5 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
6 before the parties may conduct discovery.

7     6.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
8 Court informed of any change of address and must comply with the Court's orders in a timely
9 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
10 to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
11 pending case every time he is moved to a new facility.

12     7.    Any motion for an extension of time must be filed no later than the deadline sought
13 to be extended and must be accompanied by a showing of good cause.

14     8.    Plaintiff is cautioned that he must include the case name and case number for this
15 case on any document he submits to the Court for consideration in this case.

16 **IT IS SO ORDERED.**

17 Dated: July 14, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOHN GADDY,

    Plaintiff,

v.

M. TOWNSEND, et al.,

    Defendants.

Case No. 16-cv-01319-HSG

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 14, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael John Gaddy ID: J-02095
P O Box 290066
Represa, CA 95671

Dated: July 14, 2016

    Susan Y. Soong
    Clerk, United States District Court

    By:_____
    Nikki D. Riley, Deputy Clerk to the
    Honorable HAYWOOD S. GILLIAM, JR.