UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN GADDY,<br><br>  Plaintiff,<br><br>  v.<br><br>M. TOWNSEND, et al.,<br><br>  Defendants. | Case No. 16-cv-01319-HSG (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. No. 21 |

**INTRODUCTION**

Plaintiff, a pro se state prisoner who filed this federal civil rights action under 42 U.S.C. § 1983, claims that his jailors at Pelican Bay State Prison retaliated against him in violation of the First Amendment. Defendants move for summary judgment. (Dkt. No. 21). For the reasons stated herein, defendants' motion for summary judgment is GRANTED.

**BACKGROUND**

The following factual allegations are undisputed unless stated otherwise.

This suit arises from a scrivener's error on plaintiff's prison classification form. On October 8, 2014 defendants held a classification hearing regarding plaintiff. A classification chrono ("chrono") was generated to memorialize the hearing. The report <u>should</u> have stated that plaintiff had been disciplined for battery on a peace officer <u>without</u> a weapon. However, the report misstated the charge as battery on a peace officer <u>with</u> a weapon.

Plaintiff sought to correct the error by filing a grievance (No. 14-03104). His request was granted and the chrono was ordered corrected. However, the first level response to the grievance contained another error. It stated that plaintiff had been disciplined for battery on an <u>inmate</u>. Though the chrono was amended to show the correct charge, plaintiff believes that his jailors' response to his grievances constituted retaliation in violation of his First Amendment rights. He names as defendants Townsend, Voong, and Sandoval. Defendant Townsend was the appeals coordinator at Pelican Bay; defendant Voong is the Chief of the Office of Appeals; defendant Sandoval is an Associate Governmental Program Analyst in the Office of Appeals.

Here is a summary of plaintiff's grievances relating to the instant suit:

1. **No. 14-03104**: Asked that the October 8, 2014 chrono be amended to state the correct disciplinary charge. The grievance was granted at the first level by Captain Parry, and the chrono was revised.

   Parry's two-page first level response directly addressed plaintiff's grievance. It states in part "[Plaintiff was] ultimately found guilty of Battery on a Peace Officer Not Involving the Use of a Weapon . . . this charge was erroneously documented in the Classification Committee Chrono for the ICC of October 8, 2014." (MSJ, Parry Decl., Ex. A, Dkt. No. 21-1 at 6.)

   Under "determination of issue," Parry stated, "I find that the charge of RVR #C0511020 dated November 13, 2005, for Battery on a Peace Officer Not Involving the Use of a Weapon was erroneously document[ed] in the Classification Committee Chrono for ICC October 8, 2014 . . . [s]pecifically, it was documented that a weapon was used in that offense which is incorrect." (*Id.* at 7.)

   Parry's response contained an error, however. It mistakenly stated that the original chrono misidentified that charge as "battery on an inmate with a weapon." (*Id.* at 6, 7.) However, this mistake appears in Parry's response, not in the amended chrono itself, which was altered to state the charge correctly as "battery on a peace officer without a weapon."

   Plaintiff appealed the grievance based on Parry's error. This appeal was cancelled by defendant Townsend at the second stage. Defendants assert that it was cancelled because the relief plaintiff sought had been granted at the first level.

   Plaintiff disputes this and asserts the grievance was cancelled out of retaliation. He alleges that Townsend came to plaintiff's cell on December 4, 2014, to tell him that

2

he should "consider the appeal granted." (Compl. at 3.) According to plaintiff, Townsend then suggested that plaintiff withdraw his appeal as unnecessary because all the errors would be fixed. (*Id.*) When plaintiff refused to withdraw his appeal, Townsend angrily threatened to cancel the appeal if plaintiff did not withdraw "his damn appeal." (*Id.* at 4.) He also allegedly said, "I'm tired of you filing all of these appeals — it's time I do something about it anyway.[ ]  If you [ ] don't withdraw it I'm [ ] going to cancel it." (*Id.*)

Defendant Townsend denies he ever spoke to plaintiff in that way, or used those words, or acted out of retaliation. Townsend asserts that on December 4, 2014 he "merely informed plaintiff that his appeal had been fully resolved at the first level of appeal, and that he could withdraw it or that I would cancel it in accordance with California Code of Regulations, title 15, 3084.6(c)(11)." Plaintiff refused to withdraw his appeal. Townsend then told him the chrono had been "cured," and showed him a copy of the corrected chrono. (MSJ, Townsend Decl. ¶ 9.)

2. **No. 15-00017**: Asked that appeal No. 14-03104 be reinstated. This grievance was denied at the third level of review by defendant Voong because No. 14-03104 had been granted at the first level of review. (MSJ, Voong Decl., Ex. A, Dkt. No. 21-4 at 6.)

3. **No. 14-03409**: Alleged that Townsend's cancellation of No. 14-03104 was retaliatory. (Compl., Ex. C, Dkt. No. 1-1 at 22.) It was denied at the second level of review because it failed to meet the criteria for a staff complaint. (*Id.* at 26-27.) Plaintiff's appeal of this decision was rejected because it failed to contain necessary documents. (*Id.* at 28.) He resubmitted his appeal, which again was rejected, this time because it was an attempt to relitigate a prior grievance (No. 14-03104). Voong's signature and his printed name appear at the bottom of the decision. (*Id.*) Defendants assert that Voong did not review this grievance or issue the decision, however. (MSJ at 6.) Rather, the grievance was handled by Voong's designee, S. Emigh. (*Id.*)

4. **No. 1502462[1]**: Alleged that Voong improperly cancelled No. 14-03409 as duplicative. (Compl., Ex. D, Dkt. No. 1-1 at 33.) This grievance was denied by defendant Sandoval on grounds that it was untimely. (*Id.* at 38.) As with the above grievance, defendants assert that Voong did not review this grievance, though his name and signature appear at the bottom of the decision.

---

[1] Two of plaintiff's grievances were mistakenly given the same Pelican Bay log number (14-10593). To avoid confusion here, each 14-10593 grievance will be referred to by the IAB ("Inmate Appeals Branch") number each was assigned, i.e., No. 1502462 and No. 1502945.

3

5. **No. 1502945**: Alleged that Voong's cancellation of No. 14-03409 denied his First Amendment right of access to the courts. This grievance was denied at the third level because it was an attempt to relitigate a prior appeal (No. 14-03409). (Compl., Ex. D, Dkt. No. 1-1 at 53.) As with the above grievance, defendants assert that Voong did not review this grievance, though his name and signature appear at the bottom of the decision. Rather, it was reviewed by Harder, Voong's designee.

6. **No. 15-06810**: Alleged again that Townsend's actions were retaliatory and that Sandoval and Voong failed to investigate. Voong denied this grievance at the third level of review because it was untimely. (Compl., Ex. E, Dkt. No. 1-1 at 60-61.)

\* \* \*

Plaintiff alleges Townsend, Voong, and Sandoval retaliated against plaintiff in violation of his First Amendment rights when they cancelled the above grievances. Defendants move for summary judgment on grounds that plaintiff has not shown a genuine dispute of material fact and that they are entitled to summary judgment as a matter of law.

A review of the CDCR's inmate grievance procedure is helpful here. The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 CCR § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR. *See id.* § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009).

**STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

**DISCUSSION**

Plaintiff alleges defendants retaliated against him in violation of the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff has the burden of showing that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's actions. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997). In order to create a genuine issue of material fact on retaliatory motive in the First Amendment context, a plaintiff must establish "'in addition to evidence that the defendant knew of the protected speech, at least (1) evidence of proximity in time between the protected speech and the allegedly retaliatory decision; (2) evidence that the defendant expressed opposition to the speech; or (3) evidence that the defendant's proffered reason for the adverse action was pretextual.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (internal citation and emphasis omitted).

Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier; retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"). *See also Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff presented no evidence that defendants gave her a traffic citation after reading a newspaper article about her First Amendment activities, rather than because she drove past a police barricade with a "road closed" sign on it).

**A.     Townsend**

Plaintiff claims that Townsend cancelled the appeal of his grievance (No. 14-03104) in retaliation for filing the appeal. He alleges that Townsend approached him in "a highly aggressive manner attempting to intimidate plaintiff . . . [by] threatening plaintiff with an ultimatum . . . to withdraw the appeal or he's going to cancel it." (Pl.'s Opp. to MSJ ("Opp.") at 3.)

Defendants dispute this, and have offered evidence that the grievance was cancelled pursuant to 15 CCR § 3084.6(c)(11), which authorizes the cancellation of an appeal if the

6

"issue under appeal has been resolved at a previous level." (MSJ, Townsend Decl. ¶ 9.) Both Townsend's declaration and the appeal decision itself (*id.*, Ex. C, Dkt. No. 21-3 at 20) state that 15 CCR § 3084.6(c)(11) was the grounds for cancellation.

Summary judgment will be granted in Townsend's favor. Even if one views the record in the light most favorable to plaintiff, no evidence supports plaintiff's claim that Townsend's cancellation of his grievance was retaliatory. First, the undisputed record shows that there was no adverse action. In fact, plaintiff received the relief he had requested, that is, correction of the chrono. If the appeal had been granted rather than cancelled, the result would not have changed — the chrono still would have been corrected. Parry's misstatement of the charge in his first-level response did not affect the wording of the chrono itself, the corrected version of which Townsend showed to plaintiff. Therefore, when plaintiff appealed, there was no relief Townsend could give — the chrono had been corrected.

Second, plaintiff has not shown a triable issue of fact that retaliation was the "substantial" or "motivating" factor behind Townsend's actions. All relief had been granted. Cancellation therefore was demanded by logic and by California's regulations, which serve the legitimate penological purpose of the efficient disposition of inmate grievances. This purpose is stated with clarity in the regulations. *See* 15 CCR §§ 3084.1, 3084.4, and 3084.5.

Because plaintiff has not shown a genuine dispute of material fact as to his First Amendment claims against Townsend, defendants' motion for summary judgment as to the claims against Townsend is GRANTED.

**B.  Voong and Sandoval**

Plaintiff alleges Voong and Sandoval retaliated against him when they cancelled appeals Nos. 15-00017, 14-03409, 1502462, 1502945, and 15-06810. He contends that even if Voong did not personally handle the appeals, as defendants allege, he was "legally required to monitor the disposition." (Opp. at 15.)

Defendants dispute this, and have presented evidence that Voong either was not personally involved in the appeal denials,[2] or that plaintiff has not presented evidence sufficient to show Voong (or Sandoval) acted in retaliation.

Summary judgment will be granted in Voong's favor. Again, even making all inferences in plaintiff's favor, no evidence supports his claim that Voong cancelled the appeals because of his allegedly protected conduct. As such, he fails to show a genuine dispute of material fact that retaliation for filing the appeal was the "substantial" or "motivating" factor behind the defendant's actions.

### 1. 15-00017

This grievance sought to reinstate plaintiff's appeal of No. 14-03104, which, according to plaintiff, was cancelled "without a reason." (MSJ, Voong Decl., Ex. B, Dkt. No. 21-4 at 20.) Voong denied this grievance because plaintiff had received his requested relief that the chrono be corrected. (*Id.*, Dkt. No. 21-4 at 18.)

Voong's cancellation of this grievance cannot plausibly be read as retaliatory, even if one views the record in the light most favorable to plaintiff. The prior grievance (No. 14-03104) had been cancelled for a legitimate penological, non-retaliatory purpose, as explained above. Voong refused to reinstate a clearly nonviable appeal, a legitimate penological decision supported by the regulations and by logic. No evidence creates a genuine dispute of material fact as to whether retaliation was the "substantial" or "motivating" factor behind the defendant's actions. *Doyle*, 429 U.S. at 287.

### 2. No. 14-03409

In this grievance, plaintiff complained about Townsend's allegedly bullying behavior and retaliatory actions. It was ultimately denied as an attempt to relitigate a cancelled appeal, No. 14-03104. (MSJ, Voong Decl. ¶¶ 25-26.)

---

[2] Defendants assert that though Voong's "facsimile-signature" appears on the denials in No. 14-03409 and No. 14-10593, he did not personally review these appeals, which were instead reviewed by his designees. (MSJ at 6, 7 and 8.) The Court makes all inferences in plaintiff's favor at this stage, and assumes for purposes of this motion that Voong is responsible for the decisions bearing his signature.

8

Summary judgment will be granted in favor of Voong. As with the above-discussed grievance, Voong's cancellation of this grievance cannot plausibly be read as retaliatory, even if one views the record in the light most favorable to plaintiff. The prior grievance was legitimately cancelled, and Voong reasonably refused to reinstate a clearly nonviable appeal, a legitimate penological decision supported by the regulations and by logic. Inferring retaliation from such facts is at best speculation, which does not constitute evidence. *Doyle*, 429 U.S. at 287.

### 3. No. 1502462

In this grievance, plaintiff complained that it was improper to cancel No. 14-03409 as duplicative. It was ultimately denied by Sandoval as untimely. (MSJ, Sandoval Decl. ¶ 19.) Plaintiff asserts that the denial was retaliatory and disputes the assertion that the appeal was untimely. (Opp. at 16.)

Defendants dispute plaintiff's allegations, and have offered evidence that the grievance was cancelled pursuant to 15 CCR § 3084.6(c)(4), which authorizes the cancellation of an untimely appeal.

Summary judgment will be granted in favor of Sandoval. As with the above-discussed grievance, Sandoval's cancellation of this grievance cannot plausibly be read as retaliatory, even if one views the record in the light most favorable to plaintiff. Even if his appeal was timely filed, the fact remains that plaintiff was yet again trying to relitigate a cancelled appeal. Sandoval's cancellation was therefore a legitimate penological decision supported by the regulations and by logic. Inferring retaliation from such facts is at best speculation, which does not constitute evidence. *Doyle*, 429 U.S. at 287.

### 4. No. 1502945

This grievance, which alleged Voong denied plaintiff court access, was denied at the third level because it was an attempt to relitigate a prior appeal (No. 14-03409). (Compl., Ex. D, Dkt. No. 1-1 at 53-54.)

Summary judgment will be granted in favor of Voong. As with the above-discussed

9

grievance, Voong's cancellation of this grievance cannot plausibly be read as retaliatory, even if one views the record in the light most favorable to plaintiff. The grievance was cancelled because plaintiff was yet again trying to relitigate a cancelled appeal. Voong's cancellation therefore was a legitimate penological decision supported by the regulations and by logic. Inferring retaliation from such facts is at best speculation, which does not constitute evidence. *Doyle*, 429 U.S. at 287.

### 5. No. 15-06810

This grievance, which alleged that Townsend's actions were retaliatory and that Voong and Sandoval failed to investigate his grievance regarding this claim, was denied as untimely. (Compl., Ex. E, Dkt. No. 1-1 at 60-61.)

Summary judgment will be granted in favor of defendants. As with the above-discussed grievances, the cancellation of this grievance cannot plausibly be read as retaliatory, even if one views the record in the light most favorable to plaintiff. Even if his appeal was timely filed, the fact remains that plaintiff was yet again trying to relitigate a cancelled appeal. The cancellation was therefore a legitimate penological decision supported by the regulations and by logic. Inferring retaliation from such facts is at best speculation, which does not constitute evidence. *Doyle*, 429 U.S. at 287.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 21) is GRANTED.[3] The Clerk shall terminate Dkt. No. 21, enter judgment in favor of Townsend, Voong, and Sandoval, and close the file.

**IT IS SO ORDERED.**

Dated: 8/16/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] As the Court has not found a constitutional violation, it need not address defendants' arguments regarding qualified immunity.

10